UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELIZABETH NELSON, et al.,

    Plaintiffs,                      Civil Action No. 22-12771

vs.

                                       HON. MARK A. GOLDSMITH

HSBC BANK USA,

    Defendant.
_____/

## ORDER DIRECTING PLAINTIFFS TO CURE DEFECTS IN COMPLAINT

This matter is presently before the Court on the Court's own review of Plaintiffs' complaint (Dkt. 1). Multiple defects in the complaint require correction.

Plaintiffs' purported basis for subject matter jurisdiction is diversity jurisdiction. Compl. at PageID.4. In a diversity case, the parties asserting jurisdiction—in this case, Plaintiffs—bear the burden of establishing it. See Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010). Jurisdiction based on diversity requires "complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). To properly allege an individual's citizenship, a party must make allegations regarding the state in which that individual is domiciled—i.e., where the individual both (i) resides and (ii) intends to remain. Farmer v. Fisher, 386 F. App'x 554, 557 (6th Cir. 2010).

Plaintiffs name six Plaintiffs and identify HSBC Bank as Defendant. See Compl. at PageID.1. They make no jurisdictional allegations about the parties, including in regard to the domiciles of the named individuals. See id. at PageID.1–3. Plaintiffs' allegations are insufficient to allow the Court to determine that there is "complete diversity between all plaintiffs

and all defendants." Lincoln, 546 U.S. at 89.

Additionally, Plaintiffs purport to represent unidentified John Doe and Jane Doe Plaintiffs. However, a plaintiff "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Warth v. Seldin, 422 U.S. 490, 499 (1975). Although Federal Rule of Civil Procedure 17(c) allows a litigant to represent the interests of other people in defined circumstances, "a litigant may not represent the interests of another person pro se." Thompson v. Mohammed, No. 13-CV-12388, 2013 WL 4747537, at *1 (E.D. Mich. Sept. 4, 2013). Courts should dismiss without prejudice claims that are improperly brought pro se on behalf of other people. See Moses v. Gardner, No. 15-5971, 2016 WL 9445913, at *1 (6th Cir. May 24, 2016). In this case, Plaintiffs have demonstrated no basis for representing the interests of unidentified John Does and Jane Does, and they cannot do so pro se. See id.

On or before December 7, 2022, Plaintiffs shall file an amended complaint curing the above-mentioned defects. Failure to do so will result in dismissal of this case for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3), or dismissal without prejudice of those claims improperly asserted on behalf of other people.

SO ORDERED.

Dated: November 23, 2022　　　　　　　　s/Mark A. Goldsmith
　　　　Detroit, Michigan　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 23, 2022.

　　　　　　　　　　　　　　　　　　　　/s/A. Chubb
　　　　　　　　　　　　　　　　　　　　Case Manager