UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH NELSON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> HSBC BANK USA, *et al.*, <br><br> Defendants. | Case No. 22-cv-12771 <br> Honorable F. Kay Behm <br> Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' SECOND MOTION FOR LEAVE TO AMEND (ECF NO. 13) AND TO DISMISS CASE**

Plaintiffs Elizabeth Nelson and Albert Thrower filed this action, asserting state-law claims and alleging that Defendants HSBC Bank USA and HSBC Financial Services Corporation wrongfully denied them access to funds in Thrower's bank account. ECF No. 6. The Honorable F. Kay Behm referred the case to the undersigned to resolve all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11.

Finding that the first amended complaint and an improperly filed second amended complaint failed to establish jurisdiction, the Court ordered plaintiffs to show cause why the case should not be dismissed. ECF No. 12. In response, plaintiffs move to amend. ECF No. 13.

Because plaintiffs' proposed amendments do not cure the jurisdictional defects, the Court **RECOMMENDS** that the motion to amend be **DENIED** and that the case be **DISMISSED** for lack of jurisdiction.[1]

Emphasizing that defendants have not yet answered the complaint, plaintiffs move to amend under Federal Rule of Civil Procedure 15(a)(1). ECF No. 13. That rule permits a plaintiff to amend a complaint "once as a matter of course within 21 days after serving it." Rule 15(a)(1) (cleaned up). But as explained in the order to show cause, plaintiffs already filed an amended complaint. ECF No. 6. They do not have a right under Rule 15(a)(1) to file a second amended complaint. *See Synthes USA Sales, Inc. v. Taylor*, No. 3:10-1102, 2012 WL 928190, at *1 (M.D. Tenn. Mar. 19, 2012) (stating that the Rule 15(a)(2) "right to amend once as of right applies only to initial, not amended pleadings as allowing only one amendment of right").

---

[1] Although a motion to amend is not ordinarily considered dispositive, because the Court recommends dismissing plaintiffs' claims, denying their motion to amend amounts to dismissing their case with prejudice. *See Vogel v. U.S. Off. Prods. Co.*, 258 F.3d 509, 514-15 (6th Cir. 2001) ("In determining whether a particular motion is dispositive, the court undertakes functional analysis of the motion's potential effect on litigation."). Thus, the Court errs on the side of caution and proceeds under 28 U.S.C. § 636(b)(1)(B).

Even if plaintiffs rely on Rule 15(a)(2), their motion to amend lacks merit under that subsection. Rule 15(a)(2) states that leave to amend should be freely given "when justice so requires." But a motion to amend "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010) (cleaned up). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

A motion to dismiss under Rule 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* Pleadings filed

3

by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

"Questions of jurisdiction are fundamental matters" that a court should "review sua sponte." *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). Plaintiffs must show that the court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," or that jurisdiction is proper because of the diversity of citizenship of the parties. 28 U.S.C. §§ 1331, 1332. In their proposed second amended complaint, plaintiffs allege that the Court has diversity jurisdiction. ECF No. 13, PageID.35. "Diversity jurisdiction requires two elements: complete diversity of the parties and an amount in controversy exceeding $75,000." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016). Complete diversity means that "no plaintiff is a citizen of the same state as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010).

While plaintiffs have corrected their pleadings about their own citizenships, they still do not properly allege defendants' citizenships. A

4

corporation has "the citizenship of its state of incorporation and its principal place of business." *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 544 (6th Cir. 1994). Plaintiffs allege that HSBC Financial is incorporated in Delaware and that HSBC Bank's principal place of business is in New York, Virginia, Illinois, and Florida. ECF No. 13, PageID.36. These pleadings conflate defendants and treat them as a single entity; absent are any allegations about HSBC Financial's principal place of business or HSBC Bank's state of incorporation. And even if the two defendants are the same entity, plaintiffs have simply repeated HSBC's office locations and claimed they are the principal place of business. *Compare* ECF No. 6, PageID.12-13 *with* ECF No. 13, PageID.36. As the Court explained, "Office locations do not equate to the principal place of business, which is typically the main headquarters and 'is a single place.'" ECF No. 12, PageID.27 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). Thus, the Court cannot determine that complete diversity exists.

Nor do plaintiffs plausibly plead an amount in controversy exceeding $75,000. Plaintiffs claim in conclusory fashion that defendants failed to turn over funds of $76,000. ECF No. 13, PageID.38. But the funds alleged in the previous complaints were much less than $76,000. ECF No. 1, PageID.2-3 (estimating account balances at issue to be $10,000 to

$11,000); ECF No. 6, PageID.13-15 (same); ECF No. 9, PageID.20-22 (same).  The second amended complaint eliminates the pleadings about the account balances and provides no allegations supporting the newly claimed amount.  And although plaintiffs request $100,000 in punitive damages, the Court explained that "'such damages are generally not recoverable in Michigan unless authorized by statute.'"  ECF No. 12, PageID.27 (quoting *Lee v. Money Gram Corp. Off.*, No. 15-cv-13474, 2016 WL 3524332, at *1 (E.D. Mich. May 23, 2016), *adopted*, 2016 WL 3476704 (E.D. Mich. June 27, 2016)).  Plaintiffs still cite no statutory authority for their claims showing entitlement to punitive damages.  *See* ECF No. 13.  Thus, plaintiffs fail to plead facts showing that the amount in controversy requirement is satisfied.

Plaintiffs' second amended complaint also adds claims for violating the Federal Trade Commission Act (FTCA) and Electronic Funds Transfer Act (EFTA).  ECF No. 13, PageID.37.  Although these claims would confer jurisdiction under § 1331, they are not plausible.  There is no private right of action under the FTCA.  *Sefa v. Kentucky*, 510 F. App'x 435, 438 (6th Cir. 2013).  And plaintiffs do not identify what sections of the EFTA were allegedly violated or explain how they were violated.  Thus, plaintiffs have

6

not pleaded a plausible federal claim that would confer jurisdiction under § 1331.

Because plaintiffs have failed to establish jurisdiction, the Court **RECOMMENDS** that their motion to amend (ECF No. 13) be **DENIED** and that the case be **DISMISSED**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: May 4, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and

recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 4, 2023.

                                        s/Marlena Williams
                                        MARLENA WILLIAMS
                                        Case Manager