UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH NELSON, *et al.*, | Case No. 22-12771 |
| Plaintiffs, | F. Kay Behm |
| v. | United States District Judge |
| HSBC BANK USA, *et al.*, | Elizabeth A. Stafford |
| | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S
MAY 4, 2023 REPORT AND RECOMMENDATION (ECF No. 16)**

**I.   PROCEDURAL HISTORY AND MAGISTRATE JUDGE'S RECOMMENDATION**

Plaintiffs filed this action against HSBC Bank USA and HSBC Financial Services Corporation on November 15, 2022. (ECF No. 1). This matter was previously assigned to District Judge Mark A. Goldsmith and was reassigned to the undersigned on February 6, 2023. Judge Goldsmith ordered Plaintiffs to cure defects in their Complaint. (ECF No. 4). More specifically, he noted that the Complaint failed to identify the citizenship of the parties and thus, the court was unable to determine if it had diversity jurisdiction. *Id*. Plaintiffs filed an Amended Complaint on January 3, 2023. (ECF No. 6). Plaintiffs then filed a motion for leave to amend the complaint again. (ECF No. 8). The undersigned referred this matter

1

for all pretrial proceedings to Magistrate Judge Elizabeth A. Stafford. (ECF No. 11). Judge Stafford denied the motion for leave to amend the complaint and issued an order for Plaintiffs to show cause why this matter should not be dismissed because the Amended Complaint still failed to sufficiently allege diversity jurisdiction. (ECF No. 12). Judge Stafford explained that Plaintiffs did not properly allege the parties' citizenships. She pointed out that Plaintiffs must allege their domicile states and that they must identify both the states of incorporation and the principal places of business for each Defendant. *Id*. Judge Stafford also pointed out that Plaintiffs failed to allege that the amount in controversy exceeded $75,000 and that the claim for punitive damages was not supported by any authority. *Id*.

Plaintiffs then filed another motion for leave to amend the complaint. (ECF No. 13). Judge Stafford issued a report and recommendation in which she recommended that the court deny the motion for leave to amend the complaint and dismiss the case for lack of subject matter jurisdiction. (ECF No. 16). She notes that Plaintiffs corrected their pleadings as to their own citizenships, but still failed to properly allege Defendants' citizenships:

> Plaintiffs allege that HSBC Financial is incorporated in Delaware and that HSBC Bank's principal place of business is in New York, Virginia, Illinois, and Florida. ECF

> No. 13, PageID.36. These pleadings conflate defendants and treat them as a single entity; absent are any allegations about HSBC Financial's principal place of business or HSBC Bank's state of incorporation. And even if the two defendants are the same entity, plaintiffs have simply repeated HSBC's office locations and claimed they are the principal place of business. Compare ECF No. 6, PageID.12-13 with ECF No. 13, PageID.36. As the Court explained, "Office locations do not equate to the principal place of business, which is typically the main headquarters and 'is a single place.'" ECF No. 12, PageID.27 (citing *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010)). Thus, the Court cannot determine that complete diversity exists.

(ECF No. 16, PageID.55). Judge Stafford also concluded that Plaintiffs failed to plausibly allege that the amount of controversy exceeds $75,000:

> Plaintiffs claim in conclusory fashion that defendants failed to turn over funds of $76,000. ECF No. 13, PageID.38. But the funds alleged in the previous complaints were much less than $76,000. ECF No. 1, PageID.2-3 (estimating account balances at issue to be $10,000 to $11,000); ECF No. 6, PageID.13-15 (same); ECF No. 9, PageID.20-22 (same). The second amended complaint eliminates the pleadings about the account balances and provides no allegations supporting the newly claimed amount. And although plaintiffs request $100,000 in punitive damages, the Court explained that "'such damages are generally not recoverable in Michigan unless authorized by statute.'" ECF No. 12, PageID.27 (quoting *Lee v. Money Gram Corp. Off.*, No. 15-cv-13474, 2016 WL 3524332, at *1 (E.D. Mich. May 23, 2016), adopted, 2016 WL 3476704 (E.D. Mich. June 27, 2016)). Plaintiffs still cite no statutory authority for their claims showing entitlement to punitive damages.

3

> See ECF No. 13. Thus, plaintiffs fail to plead facts showing that the amount in controversy requirement is satisfied.

(ECF No. 16, PageID.55-56). Accordingly, Judge Stafford recommends that the court dismiss the complaint for lack of subject matter jurisdiction.

## II. STANDARD OF REVIEW

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v.*

4

*Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute").  In sum, the objections must be clear and specific enough that the court can squarely address them on the merits.  *See Pearce*, 893 F.3d at 346.  And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error."  *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec*., No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III.  OBJECTIONS

Plaintiffs filed objections to the report and recommendation.  (ECF No. 17).  Plaintiffs complain that Judge Stafford denied them access to the courts and failed to give leave to amend where leave should be freely given.  More fundamentally, however, is whether this court has subject matter jurisdiction over Plaintiffs' claims and whether Plaintiffs' proposed amended complaint overcomes the jurisdictional defects previously identified in Judge Stafford's show cause order.  If

the proposed amended complaint does not establish diversity jurisdiction, then Judge Stafford's recommendation to dismiss this matter must stand.

The federal courts have subject matter jurisdiction over a cause of action when there is a federal question at stake or when there is complete diversity of citizenship among the parties. 28 U.S.C. §§ 1331, 1332. Here, Plaintiffs allege diversity jurisdiction. Diversity jurisdiction exists in a suit between citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. A corporation is deemed a citizen of a state in which it is incorporated and has its principal place of business, *id*. § 1332(c)(1), and where there are multiple defendants, diversity must be complete. *Exxon Mobile Corp. v. Allapattah Servs.*, 545 U.S. 546, 553-54 (2005).

"Questions of jurisdiction are fundamental matters" that a court should "review sua sponte*.*" *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993). "Though courts give a more liberal reading to pleadings filed by pro se litigants than to those drafted by lawyers, a pro se complaint still must plead facts showing that the court has jurisdiction." *Velarde v. Biden*, No. 22-11680, 2022 WL 19518410 (E.D. Mich. Oct. 4, 2022), report and recommendation adopted, No. 22-11680, 2023 WL 2388555 (E.D. Mich. Mar. 7, 2023) (citing *Christenberry v. White*, 2020 WL 6371174, at *3 (E.D. Tenn. Oct. 29, 2020)). As Judge Stafford explains,

Plaintiffs do not properly identify the citizenship of Defendants in their proposed amended complaint. They seemingly allege that HSBC Financial Services Corporation is incorporated in Delaware and that HSBC Bank has its "principal place of business in New York, Virginia, Illinois, [and] Florida." (ECF No. 13, PageID.36). Although, as Judge Stafford observed, Plaintiffs seem to conflate the two entities and do not provide a clear demarcation of the state of incorporation for each Defendant and a principal place of business for each Defendant. Accordingly, the court agrees that, even construing the proposed amended complaint liberally, it does not provide sufficient information regarding the citizenship of both Defendants such that this court can properly exercise diversity jurisdiction in this matter.

Plaintiffs also object to Judge Stafford's conclusions regarding the amount in controversy. Plaintiffs argue that the court must simply accept as true the stated amount in controversy on its face. "A district court should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction 'unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount.'" *Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415, 416 (6th Cir. 1996) (quoting *Klepper v. First Am. Bank*, 916 F.2d 337, 340 (6th Cir. 1990)). "Dismissal for failure to satisfy the requisite

jurisdictional amount may be appropriate when the facts indicate that a plaintiff claimed certain damages merely to obtain federal court jurisdiction." *Mitan v. Int'l Fidelity Ins. Co.*, 23 F. App'x 292, 297 (6th Cir. 2001). As Judge Stafford explains, Plaintiffs offer no supporting factual allegations to explain why the actual damages sought went from $10,000-$11,000 in the first two complaints to $76,000 in the third proposed amended complaint. Further, Plaintiffs provide no authority for their claim that they are entitled to $100,000 in punitive damages, which are generally unavailable under Michigan law. *Casey v. Auto Owners Ins. Co.*, 273 Mich. App. 388, 400 (2006) (Punitive damages are generally not recoverable in Michigan unless expressly authorized by statute.).

The court has twice asked Plaintiffs to "expand upon the skeletal allegations of [their] complaint," *Mitan*, 23 F. App'x at 297-98, in order to satisfy the jurisdictional amount in controversy requirement, but Plaintiffs' third proposed amended complaint contains only a bare allegation of an amount in controversy of $76,000, unsupported by any facts. Without some factual basis to support this newly claimed amount, the court concludes that such an allegation is not made in good faith and was only asserted in an effort to gain admission to this court.

## IV.     CONCLUSION

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the Magistrate Judge's May 4, 2023 Report and Recommendation and **DISMISSES** Plaintiffs' complaint for lack of subject matter jurisdiction.

**SO ORDERED**.

Date: October 12, 2023                              <u>s/F. Kay Behm</u>
                                                                        F. Kay Behm
                                                                        United States District Judge